UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Action, File Number 1 06-cv-183

| | |
|---|---|
| PETER D. PREVETT, ) | |
| PLAINTIFF ) | |
| v. ) | **VERIFIED COMPLAINT** |
| ) | |
| THE SUPREME COURT OF THE STATE ) | |
| OF NEW HAMPSHIRE, ) | |
| DEFENDANT ) | |

## PARTIES

1. The Plaintiff, Peter D. Prevett (hereinafter "Plaintiff"), is an individual who resides at 39 Spring Hill Rd., Mt. Vernon, NH 03057.

2. The Defendant, The Supreme Court of the State of New Hampshire (hereinafter "Supreme Court" or "Defendant"), is a judicial body created pursuant to Article 72-a of the New Hampshire Constitution and maintains its principal place of business at the Supreme Court Building on Noble Drive in Concord, NH 03301.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 28 U.S.C. §1331 and 28 U.S.C. § 2201 and the Venue is proper under 28 U.S.C. §1391(b) as both parties reside in or conduct business in the State of New Hampshire.

## STATEMENT OF FACTS

4. Plaintiff graduated from the Massachusetts School of Law in Andover, MA (hereinafter "MSL") in 1991. MSL is a not an accredited law school according to the guidelines set by the American Bar Association (hereinafter "ABA").

5. Plaintiff was admitted to the Massachusetts Bar on June 20, 1991 and has been a member in good standing ever since. Additionally, Plaintiff is admitted to practice in the federal courts, including the United States Supreme Court.

6. Plaintiff filed an application to sit for the New Hampshire bar exam in 1995. Since the Plaintiff had not graduated from an ABA-accredited law school, said application was denied pursuant to the New Hampshire Supreme Court Rule 42 that was in effect at that time

7. Subsequent to the denial of Plaintiff's application to sit for the New Hampshire bar exam, Plaintiff's research uncovered two (2) cases in which graduates of non ABA-accredited law schools were allowed to sit for the New Hampshire bar exam, In Re Michael J. Tocci, SMC'87-021 (1987) and In Re Roland R. Taminga, SMC'90-___, (1990).

8. Plaintiff filed a request under the Freedom of Information Act (5 U.S.C.,§ 552) and subsequently was given access to said files.

9. After studying the Tocci and Taminga petitions, Plaintiff filed a petition with the Supreme Court, requesting that Plaintiff be allowed to sit for the New Hampshire bar exam based on Tocci and Taminga and, as a result of the disparate treatment, alleging a violation of the Plaintiff's rights under the Equal Protection Clauses of both the United States Constitution and the New Hampshire State Constitution.

10. Shortly after Plaintiff's petition, the Massachusetts School of Law (MSL) also filed a petition with the New Hampshire Supreme Court (B-95-017) requesting the Supreme Court to allow graduates of MSL to sit for the New Hampshire bar exam.

The sole bases of the claim of MSL's Memorandum of Law in support of its petition was that its(MSL's) law program was substantially equivalent to an ABA-accredited law school program and that MSL's law school program was substantially equivalent to that of a law school in an English-speaking common law country with a course of study substantially equivalent to that of a domestic law school approved by the ABA.

However, since foreign law schools in English-speaking, common law countries are not evaluated by the ABA, they are afforded an evidentiary opportunity to prove ABA-equivalency while US non-AB-accredited law schools are not.

11. After oral arguments by MSL, the Supreme Court granted MSL's 1995 petition without comment thereby allowing all MSL graduates to sit for the New Hampshire bar exam. Neither the Defendant nor the New Hampshire Bar Association opposed the MSL Petition.

12. The decisions of the New Hampshire Supreme Court, as evidenced by the MSL 1995 petition above and Tocci and Taminga, illustrates that the Court invokes its "rational basis" argument, re the constitutionality of its rules, when it suits its purpose but, in doing so, in an inconsistent manner.

13. On October 11, 2002, the Supreme Court, pursuant to its authority under Rules 1, 11, and 42, amended Rule 42 to allow "admission on motion" to the New Hampshire Bar if the bar applicant satisfies certain additional requirements of Rule 42 (10)(a). The wording of Rule 42, 10(a)(ii) regarding ABA-accreditation is identical for all categories of New Hampshire bar admissions including "admission on motion". Therefore, the interpretation of Rule 42, 10(a)(ii) should be consistent.

14. On March 11, 2003, Plaintiff filed an application with the Supreme Court for "admission on motion" to the New Hampshire Bar. Although Plaintiff satisfied all other requirements for admission by motion under Rule 42(10)(a), he was informed that, since he had not graduated from an ABA-accredited law school, or from a law school in an English-speaking common law country with a course of study substantially equivalent to that of a law school approved by the ABA, he would have to file a motion to waive Rule 42(10)(a)(ii). Plaintiff filed the above-referenced motion on March 25, 2003 and said motion was denied without comment.

15. On or about October 2003, Plaintiff filed a petition requesting the Supreme Court to exercise its original jurisdiction and allow the Plaintiff to be admitted "on motion" to the New Hampshire Bar, citing as justification the Court's granting of MSL's 1995 previously-referenced petition which was solely based on the premise that MSL's law program was substantially equivalent to an ABA-accredited law school program or a law school in an English-speaking common law country with a course of study substantially equivalent to that of a law school approved by the ABA.

16. On November 19, 2003, the Supreme Court declined to exercise original jurisdiction and denied Plaintiff's petition without either comment or allowing Plaintiff to present evidence supporting his claim of the ABA-equivalency of MSL's law school program, which opportunity is afforded to foreign law students in English-speaking, common law countries.

17. Plaintiff filed a complaint in the United States District Court (District of New Hampshire) in early 2004 alleging, *inter alia*, the unconstitutionality of Rule 42; however, the District Court, without oral argument, allowed the State of New Hampshire's Rule 12(b)(6) motion to dismiss, citing the Rooker-Feldman Doctrine. The United States First Circuit Court of Appeals affirmed the District Court's decision also without oral argument.

Based on a recent US Supreme Court decision, *Exxon-Mobil Corp. v. Saudi Basic Industries, Corp.*, 125 S. Ct. 1517 (2005), Plaintiff again comes before this Court requesting relief.

## COUNT I
(Declaratory Judgment)

18. Plaintiff restates and realleges each of the averments contained in paragraphs 1 through 17 as if set forth herein.

19. The actions of the Defendant, when it promulgates rules regulating the admission of applicants to the New Hampshire Bar, constitute non-judicial activity pursuant to current case law.

WHEREAS, the Plaintiff respectfully requests that this Court declare that New Hampshire Supreme Court Rule 42 is a non-judicial activity.

## COUNT II
(Violation of Equal Protection)

20. Plaintiff restates and realleges each of the averments contained in paragraphs 1 through 19 as if set forth herein.

21. The New Hampshire Supreme Court's Rule 42, in denying domestic, non-ABA accredited law school graduates the opportunity to apply for admission to the New Hampshire Bar, while allowing graduates from a law school in an English-speaking common law country to apply by producing evidence that their law study program is substantially equivalent to that of a law school approved by the ABA, constitutes a violation of Plaintiff's rights under the Equal Protection Clause of the United States Constitution and Article 14 of the New Hampshire Constitution which requires all persons similarly circumstanced to be treated equally.

WHEREAS, the Plaintiff respectfully requests that this Court issue an order declaring the provisions of New Hampshire Supreme Court Rule 42 that unfairly and unconstitutionally distinguish between a domestic non ABA-accredited school and a law school in an English-speaking common law country with a course of study substantially equivalent to that of a law school approved by the ABA to be a violation of Equal Protection and, as such, unconstitutional as written, issue an order prohibiting the enforcement of said provision(s) of New Hampshire Supreme Court Rule 42, grant costs and attorneys fees, and grant any other relief the Court deems just and proper.

## COUNT III
(Unconstitutionality of Rule 42)

22 Plaintiff restates and realleges each of the averments contained in paragraphs 1 through 21 as if set forth herein.

23. New Hampshire Supreme Court's Rule 42 in denying domestic, non-ABA accredited law school graduates the opportunity to apply for admission to the New Hampshire Bar, while allowing graduates from a law school in an English-speaking common law country to apply by producing evidence that their law study program is substantially equivalent to that of a law school approved by the ABA, is unconstitutional because Rule 42, 10(a)(ii) creates an irrebuttable presumption that only graduates of ABA-accredited law schools are fit to practice law, discriminates against those who have obtained equivalent legal training by other means, and

impermissibly delegates to the ABA power to regulate the bar in a violation of the United States Constitution and the New Hampshire Constitution.

WHEREAS, the Plaintiff respectfully requests that this Court issue an order declaring the provisions of New Hampshire Supreme Court Rule 42 that unfairly and unconstitutionally distinguish between a domestic non ABA-accredited school and a law school in an English-speaking common law country with a course of study substantially equivalent to that of a law school approved by the ABA to be unconstitutional and issue an order prohibiting the enforcement of said provision(s) of New Hampshire Supreme Court Rule 42, grant costs and attorneys fees, and grant any other relief the Court deems just and proper.

## COUNT IV
(Violation of Procedural Due Process)

24. Plaintiff restates and realleges each of the averments contained in paragraphs 1 through 23 as if set forth herein.

25. New Hampshire Supreme Court's Rule 42, in denying domestic, non-ABA accredited law schools a forum and an opportunity to produce evidence that their law study program is substantially equivalent to that of a law school program from a law school in an English-speaking common law country constitutes a violation of Procedural Due Process under both the United States Constitution and the New Hampshire Constitution.

WHEREAS, the Plaintiff respectfully requests that this Court issue an order declaring the provisions of New Hampshire Supreme Court Rule 42 that unfairly and unconstitutionally distinguish between a domestic non ABA-accredited school and a law school in an English-speaking common law country with a course of study substantially equivalent to that of a law school approved by the ABA to be an unconstitutional violation of Plaintiff's procedural Due Process rights and issue an order prohibiting the enforcement of said provision(s) Rule 42, gant costs and attorneys fees, and grant any other relief the Court deems just and proper.

## VERIFICATION

I, Peter D. Prevett, state under the pain and penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are, from my own personal knowledge, accurate, and true, except for those facts stated upon information and belief, which I believe to be true.

_____
Peter D. Prevett

Date: May 8, 2006

Respectfully Submitted,
PETER D. PREVETT, Pro se

*/s/ PD Prevett*

Prevett & Prevett, LLP
2 Elm Sq., Ste. 22A
Andover, MA 01810
978-474-0840